### W. H. Freeman v. The State.

1. Practice. — The record must show affirmatively either that the defendant entered his plea of "not guilty," or that it was entered for him; otherwise, the judgment will be reversed.

2. Same. — When, as in this case, the information is lost after the commencement of the trial, and cannot be found, the proper course to pursue would be to substitute the information, or to commence the prosecution anew by an information based upon the affidavit of some credible person.

Appeal from the County Court of Young. Tried below before the Hon. E. T. Hilliard, County Judge.

The opinion discloses the case.

*H. T. Sale*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, and *J. S. Shaw*, for the State.

Winkler, J. On an examination of the record, we fail to find that the accused entered any plea, or that any was entered for him, or what issue was presented for the determination of the jury; and on this account, following our established rule, the judgment must be reversed.

The record presents an anomalous feature in another respect. It discloses that an information was filed in the County Court, charging the accused with an aggravated assault and battery, and then it recites as follows: "The information was read at the commencement of the trial, and during the progress of the trial it was lost, and could not be again produced."

It is worthy of notice that the transcript nowhere discloses the basis or foundation upon which the information rested. Hence there is nothing before us from which it can be determined whether, or not, there is any proper foundation upon which to rest an affirmance of the judgment.

We are of opinion that, where the information disap-

peared during the progress of the trial, the subsequent proceedings were without lawful authority, and that the only proper course would have been either to have substituted the missing paper, or to have commenced anew on a proper information, based upon the necessary affidavit, accompanying it, of some credible person.

We make no intimation as to what ruling would have been made if the record had shown that the accused had waived the presence of the information, and consented to proceed with the trial in its absence, it being a misdemeanor.

The judgment of the County Court is reversed, and the cause remanded.

*Reversed and remanded.*